IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------------x
                                                                 :
AHMED-AL-KHALIFA                                                 :
                                                                 :    3:13 CV 271 (CSH)
v.                                                               :
                                                                 :
KINGDOM OF SPAIN                                                 :
                                                                 :    DATE: MARCH 13, 2013
-----------------------------------------------------------------x
```

### RULING ON PLAINTIFF'S MOTION FOR IFP, MOTION TO APPOINT COUNSEL, AND RECOMMENDED RULING OF DISMISSAL

On February 26, 2013, plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa, a citizen of Nigeria, commenced this action pro se against the "Kingdom of Spain[,]" in which Complaint he alleges that he is a descendant of the Mende people who were illegally "captured" and "enslave[d]" as part of the international slave trade to Cuba and to the United States. (Dkt. #1, at 1, 3).[1]  Plaintiff seeks "compensation due to the illegal enslavement of [his] descendants[.]" (Dkt. #1, at 3).[2]  Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis, pursuant to 28 U.S.C. § 1915, in which affidavit he avers that he lives in poverty in Nigeria with his mother since his "unlawful [d]eportation from the United States of American via Canada to Nigeria in 2002." (Dkt. #2, at 7).[3]  In addition to his IFP motion, plaintiff has filed a Motion for Appointment of Counsel. (Dkt. #3).

On the same day that plaintiff commenced this action, he filed another lawsuit in this Court, and the next day, he filed two more cases, in all of which he also moves to proceed

---

[1]Attached to plaintiff's Complaint is a copy of a description of "Mende People[.]"

[2]The Court presumes that he means ancestors, not descendants.

[3]However, he also avers that he resides in Winston Salem, North Carolina and is a student. (Dkt. #2, at 2-3).

in forma pauperis. See Ahmed-Al-Khalifa v. Minister for Justice, Equality and Law Reform, 3:13 CV 272 (CSH); Ahmed-Al-Khalifa v. Jordan, 3:13 CV 276 (CSH); Ahmed-Al-Khalifa v. Organi[z]ation of Petroleum Exporting Countries, 3:13 CV 277 (CSH).  All four cases have been assigned to Senior United States District Judge Charles S. Haight, Jr., and have been referred to this Magistrate Judge.

The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege.  Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2)(B).

Federal courts are courts of limited jurisdiction.  U.S. CONST., Art. III.  To come within this Court's subject matter jurisdiction, plaintiff must plead a colorable claim arising under the Constitution or laws of the United States, or a claim between parties with complete diversity of citizenship and damages exceeding $75,000.  See Da Silva v. Kinsho Int'l Corp, 229 F.3d 358, 363 (2d Cir. 2000). Plaintiff is a citizen of Nigeria and defendant is the "Kingdom of Spain[,]" and the purportedly historical events giving rise to this cause of action allegedly occurred after the "Mende People" left "Mecca to Ethiopia and then Sudan and from Sudan to Sierra Leone, Liberia and thereafter to the present day Mende Village[,] Maryland, Lagos Nigeria[,]" the "descendants" of whom were "captured and shipped to Cuba and further to the United States of America and finally freed by a United States Court[.]" (Dkt. #1, at 3). The fact that neither party nor the events giving rise to this cause of action have any connection to this forum raises doubts as to whether this Court could exercise personal

jurisdiction over defendant Kingdom of Spain.[4]

In his Complaint, plaintiff asserts that subject matter jurisdiction is proper pursuant to the Alien Tort Statute, 28 U.S.C. § 1350, and the Torture Victim Protection Act, 28 U.S.C. § 1350, note.  (Dkt. #1, at 1-2). The Alien Tort Statute "does no more than grant to the district courts 'original jurisdiction of any civil action by an alien for a tort, committed in violation of the law of nations or treaty of the United States.'" Ali Shafi v. Palestinian Auth., 642 F.3d 1088, 1091 (D.C. Cir. 2011), aff'g, 686 F. Supp. 2d 23 (D.D.C 2010); see also Sosa v. Alvarez-Machain, 542 U.S. 692, 712-38 (2004).  Section 2(b) of the Torture Victim Protection Act requires U.S. courts to decline to hear such claims "if the claimant has not exhausted adequate and available remedies in the place" where the conduct occurred.  28 U.S.C. § 1350, note.  Moreover, the Torture Victim Protection Act authorizes a cause of action against "[a]n individual" for acts of torture and extra-judicial killings committed under authority of color of law in foreign countries.  See Mohamad v. Palestine Auth., ___ U.S. ___, 132 S. Ct. 1702, 1705 (2012).  The U.S. Supreme Court specifically held last year that foreign states may not be sued under the Act: "[T]he text of the statute persuades us that the [TVPA] authorizes liability solely against natural persons. . . . The text of the TVPA convinces us that Congress did not extend liability to organizations, sovereign or not." Id. at 1708, 1710; see also id. at 1707-11.  Accordingly, this Magistrate Judge recommends to the Honorable Charles S. Haight, Jr., that this case be dismissed in its entirety as jurisdiction is lacking over plaintiff's claims.

---

[4]Plaintiff briefly mentions U.S. v. Amistad, 40 U.S. 518 (1841), which of course, concerns events that took place in Connecticut.  (Dkt. #1, at 1).

This ruling will not address other obvious issues, such as statute of limitations.  Cf. Cato v. United States, 70 F.3d 1103 (9th Cir. 1995)(plaintiff's claims against the U.S. for slavery barred by the statute of limitations).

The pro se plaintiff's Motion to Proceed In Forma Pauperis (#2) is denied, and even if there were grounds to grant such Motion, the undersigned recommends to Judge Haight, Jr., that this case be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B). In light of this conclusion, plaintiff's Motion for Appointment of Counsel (Dkt. #3) is denied as moot.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 13th day of March, 2013.

   /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis  
United States Magistrate Judge